# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALEX CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-cv-0307 (KBJ) |
| | ) | |
| HOUSE OF REPRESENTATIVES OF THE U.S.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pro se Plaintiff Alex Cruz is a federal prisoner who is asking this Court to declare that the federal criminal code is "null and void" pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (Compl., ECF No. 1, at 19 (internal quotation marks and citation omitted).)[1] Cruz's argument is predicated on the contention that Congress did not enact H.R. 3190 properly; that legislation, which became "Public Law 80-772[,]" codified existing federal criminal laws into Title 18 of the United States Code. (*Id.* at 2.) Like the many other federal courts across the country that have considered similar "mythical stor[ies] concerning the irregular adoption of Public Law Number 80-772[,]" this Court finds that Cruz's claims are "utterly baseless" and thus patently insubstantial. *Goodman v. Levi*, No. 07-cv-4838, 2007 WL 4241894, at *2 (E.D. Pa. Nov. 29, 2007) (noting the spate of prisoner lawsuits alleging that Title 18 was not properly enacted and holding "that this [argument] . . . is utterly baseless"). As such,

---

[1] Page number citations herein refer to those that the Court's electronic case filing system automatically assigns.

this Court must **DISMISS** the complaint for lack of subject matter jurisdiction, as explained below.

## ANALYSIS

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the [plaintiff]." *Id.* (citations omitted). It is also clear that a federal judge may act *sua sponte* to dismiss claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, *see Hurt v. U.S. Ct. of Appeals for the D.C. Cir.*, 264 F. App'x. 1, 1 (D.C. Cir. 2008), and this authority extends to claims so "patently insubstantial" that they are "essentially fictitious" and "absolutely devoid of merit," such that no federal question suitable for decision can be discerned. *Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994) (internal quotation marks and citations omitted).

In his complaint,[2] Cruz posits that Public Law Number 80-772 was not properly enacted because it was (1) passed by the Senate but not by the House, (2) "never certified as enrolled," and (3) "surreptitiously signed by the Speaker of the House and President pro tempore of the Senate under purported authority of a concurrent resolution agreed to by a Congress denounced by President Truman . . . without

---

[2] Cruz introduces the Complaint as though he is pursuing declaratory relief on behalf himself and also four other individuals named in the opening paragraph. (*See* Compl. at 1.) But as a *pro se* litigant, Cruz may only "plead and conduct" his own case, *see* 28 U.S.C. § 1654. Therefore, this opinion treats Cruz as the sole plaintiff.

Quorums of the respective Houses sitting." (Compl. at 2.) Thus, Cruz contends that Public Law Number 80-772 is "constitutionally void." (*Id.* at 15.)

It appears that this assertion "is one of the jailhouse lawyers' arguments *du jour*[,]" *United States v. Schultz*, No. 03-cr-08-02, 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007), and federal courts across the country have uniformly rejected this theory as "frivolous[,]" *United States v. Potts*, 251 Fed. App'x 109, 111 (3d Cir. 2007), or, at most, "factually incorrect[,]" *United States v. Campbell*, 221 Fed. App'x 459, 461 (7th Cir. 2007); *see also, e.g.*, *United States v. White Bull*, No. 09-cr-37, 2015 WL 13515952, at *5 (D.N.D. July 29, 2015) ("[I]t is clear that Title 18 of the United States Code and 18 U.S.C. § 3231 were constitutionally passed." (citations omitted)); *Perkins v. United States*, No. 13-023C, 2013 WL 3958350, at *4 (Fed. Cl. July 31, 2013) (concluding that "the argument that the fact that less than a quorum of the House participated in a vote on an amendment to a bill means that less than a quorum was present when the bill was approved . . . is, in a word, frivolous"); *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 968 (W.D. Mo. 2008) (holding that a habeas petitioner's claims that Public Law 80-772 is invalid are "a frivolous and total contrivance"). To be sure, the D.C. Circuit has not yet opined on the oft-made assertion "that Public Law 80-772 was not enacted in a constitutional manner[,]" but this Court finds no reason to depart from the well-settled and broadly adopted conclusion that such claims "are without a shred of validity[.]" *United States v. Felipe*, No. 07-cv-061, 2007 WL 2207804, at *1–2 (E.D. Pa. July 30, 2007).

As a result, it is clear to this Court that Cruz has failed to meet his burden of establishing that he has substantial (i.e., non-frivolous) claims, such that this Court has

3

subject matter jurisdiction over his complaint, even under the "less stringent standards" to which federal courts hold pro se litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under D.C. Circuit precedent, such patently insubstantial claims are subject to dismissal *sua sponte*. *See, e.g.*, *Hu v. U.S. Dep't of Def.*, No. 13-5157, 2013 WL 6801189, at *1 (D.C. Cir. Dec. 11, 2013) (district court properly dismissed complaint for lack of jurisdiction where "its factual allegations were essentially fictitious" (internal quotation marks and citation omitted)); *Tooley v. Napolitano*, 586 F.3d 1006, 1009–1010 (D.C. Cir. 2009) (district court properly found that it lacked subject matter jurisdiction over claims that were "flimsier than doubtful or questionable [and] essentially fictitious" and therefore patently insubstantial (internal quotation marks and citation omitted)). And, notably, the fact that Cruz is requesting relief under the Declaratory Judgment Act does not relieve him of the burden of establishing subject matter jurisdiction, due to the "well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction[; indeed], the availability of [declaratory] relief presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (internal quotation marks and citations omitted)).

## CONCLUSION

For the reasons explained above and as stated in the accompanying Order, Cruz's complaint is **DISMISSED**, and all pending motions in this matter are **DENIED** as moot.

DATE: March 20, 2018

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

4